FILED
2026 OCT 30 PM 2:20
CLERK
U.S. DISTRICT COURT

Aleksandr Buzin, Pro Se
Lahepaea 7 A1
10617 Tallinn, Estonia
Telephone: +372 5198 9141
Email: aleksandr@aviation-consult.eu
Plaintiff, Pro Se

Konstantin Svirin, Pro Se
Lahepaea 7 A1
10617 Tallinn, Estonia
Telephone: +44 131 564 0301
Email: konstantin@aviation-consult.eu
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| AVIATION CONSULTING CORPORATION, a Marshall Islands company; ALEKSANDR BUZIN, an individual; and KONSTANTIN SVIRIN, an individual,<br>Plaintiffs,<br>v.<br>ABELIA LIMITED, a Bermuda company; and ANDREY SHARKOV, an individual,<br>Defendants. | **INDIVIDUAL PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 32)**<br>Case No. 2:26-cv-00129-AMA-DAO<br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Daphne A. Oberg |

**INTRODUCTION**

Plaintiffs Aleksandr Buzin and Konstantin Svirin (the "Individual Plaintiffs"), appearing pro se in their individual capacities, submit this Response to the Court's October 16, 2026 Order to Show Cause (ECF No. 32). Both filed their Notices of Pro Se Appearance on October 27, 2026

(ECF Nos. 34 and 36), within the fourteen-day period provided by that Order. The individual appearance deficiency has been cured, and the Order to Show Cause should be discharged as to them.

The Individual Plaintiffs intend to pursue this action and wish for Aviation Consulting Corporation (“ACC”) to continue participating through duly admitted counsel. Efforts to identify and retain suitable replacement counsel for ACC are ongoing, but have not yet been successful. The record reflects substantive prosecution of this case, completed briefing on the pending motions, and the Individual Plaintiffs’ present compliance with the appearance requirements. Those circumstances support continued proceedings rather than dismissal of the action.

**PROCEDURAL BACKGROUND**

Plaintiffs timely opposed Defendants’ Motion to Dismiss and Motion to Stay on April 13, 2026 (ECF Nos. 18 and 19). Defendants filed their reply concerning the stay on May 11, 2026 (ECF No. 23) and their amended reply concerning dismissal on May 20, 2026 (ECF No. 28). Briefing on both motions is complete, and neither motion has been decided on the docket available as of October 30, 2026.

On September 15, 2026, the Court permitted prior counsel to withdraw and required replacement counsel or individual pro se appearances within twenty-one days (ECF No. 31). The Individual Plaintiffs did not file their appearances within that original period. On October 16, the Court directed compliance within fourteen days and warned of possible dismissal (ECF No. 32). Both Individual Plaintiffs filed their appearances on October 27, before the October 30 deadline. Their electronic-notification registration forms were also docketed that day (ECF Nos. 33 and 35).

**ARGUMENT**

**I. The Individual Plaintiffs Have Cured the Appearance Deficiency and Intend to Proceed**

The Order to Show Cause directs Plaintiffs to file notices of appearance as required by ECF No. 31. Buzin and Svirin have each done so. Their docketed appearances allow them to receive and respond to further orders, and they are prepared to comply with the Court's directions and participate in subsequent proceedings.

The procedural record also shows that the case has been actively contested. Plaintiffs submitted substantive opposition to both pending motions while represented by counsel. Those submissions remain before the Court. The docket available as of October 30, 2026 reflects no Answer to the Complaint. The deadlines in paragraphs 1 and 3 of the Corrected Order to Propose Schedule are measured from the filing of the first Answer. ECF No. 9, ¶¶ 1, 3. Those deadlines have not begun to run. The Individual Plaintiffs maintain their opposition to both pending motions and intend to continue pursuing their claims.

**II. Continuing Efforts to Retain Counsel for ACC Support Preserving the Action**

The remaining appearance issue is ACC's lack of replacement counsel. ACC must appear through an attorney admitted to practice before this Court under DUCivR 83-1.3(c)(2); this Response is submitted by Buzin and Svirin for themselves. They remain committed to finding counsel so that ACC can continue pursuing its claims. They ask the Court to consider the ongoing search, the completed substantive briefing, and their compliance within the period provided by ECF No. 32 in determining the appropriate disposition of the Order to Show Cause.

The Complaint also asserts claims based on injuries to the Individual Plaintiffs themselves. These include abuse of process asserted by both individuals and intentional and negligent

infliction of emotional distress asserted by Buzin. The supporting allegations concern the asserted misuse of Kyrgyz criminal proceedings, Buzin's detention in Poland, risks of arrest affecting the individuals' travel, and resulting personal harm. Compl. ¶¶ 66–84, 103–111, 121–137 (ECF No. 1). The pending Motion to Dismiss addresses the legal sufficiency of those claims. Their merits can be determined through that motion without terminating them for an appearance deficiency that the Individual Plaintiffs have cured.

**III. The Record Supports a Proportionate Disposition of the Order to Show Cause**

DUCivR 41-2 permits dismissal for failure to prosecute where good cause has not been shown and allows dismissal with or without prejudice. In considering dismissal with prejudice as a sanction for procedural noncompliance under Rule 41(b), the Court should evaluate the degree of actual prejudice to Defendants, interference with the judicial process, the litigant's culpability, prior warning, and the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–63 (10th Cir. 2007).

Here, the Individual Plaintiffs have responded to the Court's warning, cured their individual appearance deficiency within the period specified in ECF No. 32, and confirmed their readiness to proceed. Discharging the Order to Show Cause as to them would recognize that compliance and allow the pending substantive motions to be resolved in the ordinary course. The Individual Plaintiffs therefore ask the Court to preserve the action while taking account of the continuing efforts to obtain counsel for ACC.

If the Court nevertheless determines that ACC's unresolved representation status warrants dismissal of its claims, the Individual Plaintiffs ask that their own claims remain pending and

that the Court consider specifying that any dismissal of ACC is without prejudice under DUCivR 41-2.

**CONCLUSION**

For these reasons, the Individual Plaintiffs request that the Court discharge the Order to Show Cause as to Buzin and Svirin, permit their claims to proceed subject to the pending substantive motions, and consider the continuing efforts to retain counsel for ACC in determining whether any further action on the Order to Show Cause is necessary.

Respectfully submitted,

Dated: October 30, 2026

/s/ Aleksandr Buzin

ALEKSANDR BUZIN

Plaintiff, Pro Se

/s/ Konstantin Svirin

KONSTANTIN SVIRIN

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that this Response is submitted for filing on October 30, 2026, with service upon Defendants' registered counsel of record to be effected through the Court's CM/ECF Notice of Electronic Filing when the Clerk files and dockets the document:

Steven R. Sumsion

Sumsion Business Law

steve@businesslawutah.com

Dated: October 30, 2026

/s/ Aleksandr Buzin

Aleksandr Buzin

Plaintiff, Pro Se